UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                         Case No. 2:10-cr-15
                                        HON. R. ALLAN EDGAR
v.

ROBERT JOSEPH STROUD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Robert Joseph Stroud is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant has filed a motion to suppress evidence obtained pursuant to a search warrant, maintaining the search warrant was not supported by probable cause. In the alternative, defendant seeks an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). A search warrant for defendant's home was issued on February 1, 2010, by a magistrate of the 94th District Court in Escanaba, Michigan, and a search was conducted on the home that same day. Police seized three firearms, ammunition, small amounts of cocaine and marijuana, and approximately ten pills. Defendant maintains that because probable cause for the issuance of the search warrant was established chiefly by the uncorroborated, false statements of an informant with an extensive criminal record, evidence collected as a result of the search warrant should be suppressed.

The affidavit to obtain the search warrant was prepared on February 1, 2010, by Detective Jeffrey Erickson of the Escanaba Public Safety Department, who is assigned to the Upper

Peninsula Substance Enforcement Team. Detective Erickson requested permission to search a home believed to be owned or occupied by defendant, as well as the attached property and any vehicles parked at the premises. The affidavit contained statements made by Brian Scherer alleging that defendant possessed drugs and guns for the purpose of selling them; a claim by a woman alleging that she had purchased fentanyl from defendant, and results of trash pulls conducted at defendant's house in August of 2009, and on January 31, 2010, both of which yielded "marijuana shake." Also included in the warrant was a statement that defendant had sent and received a series of text messages in July and August of 2009 that Erickson suggested were consistent with drug trafficking activities, a statement of defendant's criminal history, and evidence showing that defendant lived at the residence to be searched. The affidavit did not indicate Scherer's criminal record, nor did it specify when Detective Erickson interviewed Scherer in order to obtain the statements against defendant. Defendant suggests that Scherer was being held for trial at the Delta County Correctional Facility at the time he was interviewed by Detective Erickson.

The standard for probable cause for a search warrant to be issued based on the statements of an informant is established by *Illinois v. Gates*, 462 U.S. 213 (1983), which sets a "totality of the circumstances" test. In *Gates*, the court rejected a rigid two-prong approach to determine if an informant's statements provided probable cause, and substituted the totality test which integrated "veracity," "integrity" and "basis of knowledge" as issues to help determine whether or not there is probable cause to believe that evidence can be found in a particular place. *Id.* at 230. ". . . [P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Id.* at 232.

Addressing the "veracity" or "reliability" prong against the "basis of knowledge" prong in the constitutional test that predated *Gates*, the court explained:

> Instead, they [the factors] are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. *See, e. g.*, *Adams v. Williams*, 407 U.S. 143, 146-147 (1972); *United States v. Harris*, 403 U.S. 573 (1971).
>
> If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip. *See United States v. Sellers,* 483 F.2d 37 (5th Cir. 1973). Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity – which if fabricated would subject him to criminal liability – we have found rigorous scrutiny of the basis of his knowledge unnecessary. *Adams v. Williams*, *supra*. Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case.

*Id.* at 233, 34.

Problems with an informant's credibility (for instance, his criminal record, his desire to escape criminal sanction, or possible revenge motives against the subject of the search warrant) may be counteracted if the knowledge of the events being described is detailed or was obtained firsthand. However, in order for an informant's statement to form the basis of probable cause to issue a warrant, some factual detail or other corroboration must exist. "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239.

Under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant *may* be entitled to an evidentiary hearing to determine whether or not probable cause to issue a search warrant exists, if the probable cause rests on the credibility or truthfulness of statements made in an affidavit. During a *Franks* hearing, the defendant may challenge the truthfulness of the statements in the affidavit, but for the hearing to be granted, the defendant must make a preliminary showing that the assertions challenged are not truthful. The *Franks* court set out the basic evidentiary burden as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Id.* at 171-72.

The Sixth Circuit summarized the burden that *Franks* requires of a defendant in order to justify an evidentiary hearing as a two-step test:

> However, under *Franks* the defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit "if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and (2) a finding of probable cause would not be supported by the remaining

content of the affidavit when the allegedly false material is set to one side". *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989), *cert. denied* 493 U.S. 894 (1989).

*United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1997). Thus, a hearing should be granted if the defendant can show that, but for the deliberately or recklessly false statements in the affidavit, probable cause to issue the search warrant does not exist. As noted in *Franks*, this substantial initial burden on the defendant is to prevent defendants from abusing the hearing process and to weed out frivolous claims early in the proceedings. *Franks*, 438 U.S. at 170.

When a defendant seeks a *Franks* hearing not on the basis of affirmatively false statements, but on the basis of an omission that gives a statement the appearance of truthfulness, the Sixth Circuit has raised the evidentiary bar that the defendant must clear to obtain a hearing. *United States v. Fowler*, 535 F.3d 408 (6th Cir. 2008). In *Fowler*, the court explained:

> Allegations of material omission are held to a higher standard because of the "potential for endless rounds of *Franks* hearings" due to potentially "endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990) (*quoting United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990)).

*Id.* at 415-16. The reasoning for such a strict rule was explained by the Sixth Circuit in *Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998):

> Affidavits in support of search warrants "are normally drafted by non-lawyers in the midst and haste of a criminal investigation." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). An affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation. *United States v. Colkley*, 899 F.2d 297, 302 (4th Cir. 1990).

*Id.* at 815.

Here, defendant has failed to make both the initial showing required to necessitate a *Franks* hearing and to exhibit that the issuance of the search warrant violated his Fourth Amendment rights under the *Gates* totality of the circumstances test. Defendant first avers that the information provided by the informant, Scherer, to the affiant, Detective Erickson, was false, and that Detective Erickson's use of Scherer's information in the affidavit exhibited reckless disregard for the truth. However, defendant does not explain which of Scherer's statements are false. Instead, defendant merely asserts that they are false and then goes on to describe Scherer's criminal record, which Detective Erickson omitted from the affidavit. Defendant admits to having a working relationship with Scherer, during which Scherer was employed in defendant's business cutting and delivering firewood. Defendant claims that this relationship was terminated when Scherer attempted to engage in the purchase or sale of drugs from the son of one of the business's customers. According to defendant, Scherer was arrested and jailed on state domestic violence charges shortly thereafter, at which point he was interviewed by Detective Erickson.

During this interview, Scherer claimed to have firsthand knowledge of defendant's involvement in the sale of marijuana, cocaine, oxycontin and fentanyl patches, and stated that he had personally witnessed defendant sell a firearm to another person. Scherer also indicated that he had witnessed defendant possessing other firearms in his vehicle. Defendant argues that Scherer's statements were made in an attempt to incriminate defendant to get back at him for terminating Scherer's employment, or in an attempt to help out his own situation regarding the criminal charges he faced. Defendant argues that Scherer's self-interest should have been revealed in the affidavit. However, defendant does not offer any facts to show that Scherer's allegations were false, or that Detective Erickson's reliance on them created a deliberate or reckless falsehood. The first step of

-6-

the *Franks* hearing test cannot be met if there are no substantially false statements contained in the affidavit.

Defendant then argues that the credibility of both Scherer and the affidavit were undermined by the omission of Scherer's criminal record from the affidavit. Defendant has attached to his motion a lengthy submission detailing Scherer's significant criminal history. There is no mention of this criminal history or of any pending charges against Scherer in Detective Erickson's affidavit. Nor did Detective Erickson explain what relationship, if any, Scherer had with defendant that might illustrate why Scherer would have knowledge of defendant's allegedly illicit activities. Defendant argues that these omissions from the affidavit demonstrate Detective Erickson's reckless disregard for the veracity of Scherer's statements, and that had the affidavit had contained this omitted information, probable cause to issue the warrant would not exist. Defendant's argument fails to meet either step of the *Franks* test. First, the omissions do not amount to a deliberate or reckless falsehood on the part of the affiant, Detective Erickson. The allegations made by defendant about the omissions do not meet the stringent standard imposed for omissions under *Franks* and *United States v. Fowler*. The omissions do not make Detective Erickson's affidavit false or misleading, and only go to the credibility issues of the informant. There is also ample evidence included within the rest of the affidavit to support a finding of probable cause, including evidence which corroborates the allegedly false statements by Scherer.

Secondly, as stated, probable cause to issue the affidavit would exist even if Scherer's credibility were undermined, or even if Scherer's statements were not included in the affidavit at all. Detective Erickson described "marijuana shake," which is the residue of marijuana plants, such as seeds and stems, found in plastic bags recovered from defendant's trash on two separate occasions, including the day before the search warrant was issued. Detective Erickson also included in his

affidavit cell phone records that were consistent with drug trafficking activities and a statement from another witness who purchased fentanyl patches from defendant. A defendant is not entitled to a *Franks* hearing if enough evidence exists, without the challenged statements, to support a search warrant. Even if Scherer's statements were omitted from the affidavit entirely, there was probable cause to issue a warrant. Therefore, defendant is not entitled to a *Franks* hearing to determine the veracity of the affidavit or the statements included in it.

The search warrant also met the *Gates* totality of the circumstances test because the informant's statement had sufficient basis of knowledge to be relied upon by the magistrate who issued the warrant. As discussed above, the veracity of the informant's statement is weighed against the basis of knowledge exhibited by the informant, and issues of which the informant has firsthand knowledge are given greater credence. Defendant argues that Scherer's extensive criminal record, his pending criminal charges, and his motive to seek revenge against defendant all serve to undermine his credibility to such a degree that his statements cannot be relied upon to establish probable cause. However, courts have consistently held that criminal history is not a sufficient reason to disbelieve an otherwise credible informant, as many such informants are usually criminals to some degree, and it is likely that individuals who are in the best position to report on the activities of other criminals are criminals themselves. Scherer's statements are detailed and include firsthand observation of the described events, descriptions which were corroborated by the other evidence included in Detective Erickson's affidavit, and by the evidence found at defendant's residence. It is clear that the evidence in the affidavit is sufficient under *Gates*. Therefore, the search warrant was issued with sufficient probable cause.

Accordingly, it is respectfully recommended that defendant's Motion to Suppress Evidence (Docket #18) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2010